UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DAVID ROY SLATE, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     vs. | ) | No. 4:20-cv-19-JMS-DML |
| | ) | |
| CHRISTOPHER BLAKE LANE, and | ) | |
| MARIA D. GRANGER, | ) | |
| | ) | |
|     *Defendants*. | ) | |
| | ) | |

## **ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DISMISSING COMPLAINT**

Presently pending before the Court are Plaintiff David Roy Slate's *pro se* Complaint, [Filing No. 1], and Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 2]. This Order addresses Mr. Slate's Motion, screens his Complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismisses the Complaint without prejudice.

### I.
### MOTION TO PROCEED *IN FORMA PAUPERIS*

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Mr. Slate's Motion for Leave to Proceed *In Forma Pauperis*, [2], meets this standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all [18 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original).

The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $400 filing fee includes a $50 administrative fee, but that the administrative fee "does not apply to…persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Complaint**

In his Complaint, Mr. Slate names as Defendants Judge Maria Granger of the Floyd County, Indiana Superior Court and Christopher Blake Lane, a Floyd County Prosecutor. [Filing No. 1 at 2.] Mr. Slate alleges that Judge Granger and Mr. Lane violated his right to a speedy trial by failing to try him for his pending state criminal charges within 70 days after his initial appearance. [Filing No. 1 at 2-3.] Mr. Slate states that he has been incarcerated since April of 2018 and has tried to file a motion to dismiss the charges based on the lack of a speedy trial, but the state court advised him that it would not rule on such a motion unless it was filed by Mr. Slate's attorney. [Filing No. 1 at 3.] According to Mr. Slate, he was not able to speak to his attorney until January of 2020, at which point his attorney promised to file a motion for mandatory discharge. [Filing No. 1 at 3.] Mr. Slate further alleges that he has not seen or spoken to his attorney since. [Filing No. 1 at 3.] He asks this Court to dismiss his state criminal charges and award him monetary damages for the time that he has been incarcerated. [Filing No. 1 at 4.]

**C. Discussion**

A federal court cannot order a state court to dismiss pending criminal charges. Indeed, a federal court must abstain from adjudicating any constitutional claim that may interfere with ongoing state court proceedings. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Accordingly, this Court, in a civil case, cannot consider or determine whether Mr. Slate's speedy trial rights have been or are being violated, as Mr. Slate must present and litigate such a claim in his pending state criminal proceeding.

In addition, any claim for damages against Judge Granger or Mr. Lane for the alleged constitutional violation would be barred by judicial and prosecutorial immunity, respectively. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for

his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C. §] 1983.").

### III.
#### CONCLUSION

For the foregoing reasons, Mr. Slate does not state a claim upon which relief can be granted against a proper defendant who is not immune from suit. It is generally the practice of this Court to permit plaintiffs—especially *pro se* plaintiffs—to amend their complaints to cure deficiencies. *See Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019). However, in this case, the Court concludes that permitting amendment would be futile.[1] *See, e.g.*, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (stating that a district court need not allow leave to amend if amendment would be futile). Thus, this action is **DISMISSED without prejudice.**[2] Final judgment shall issue accordingly.

---

[1] As noted above, Mr. Slate's state criminal proceeding must completely conclude before he can file a civil action in this Court, and it is unclear when that will occur, or if it will occur within the time ordinarily allowed for amendment. Furthermore, the Court has no way of knowing if the result of the state court proceeding will be favorable to Mr. Slate such that he will not be barred from pursuing civil damages. *See, e.g.*, *Brown v. Hicks*, 676 F. App'x 601, 603 (7th Cir. 2017) (explaining that, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), a claim for violation of the right to a speedy trial is barred if the plaintiff has been convicted and has not had his conviction overturned, because a favorable ruling on the speedy trial claim would necessarily imply the invalidity of the conviction).

[2] In dismissing this action without prejudice, the Court expresses no opinion as to whether there is any set of circumstances under which Mr. Slate could pursue a civil lawsuit for violation of his right to a speedy trial, or who the proper defendant would be in such an action. *See Hart v. Mannina*, 798 F.3d 578, 595 n.4 (7th Cir. 2015) (acknowledging that the Supreme Court has suggested in the context of a direct criminal appeal that dismissal of the charges is the "only possible remedy" for a speedy trial violation, but noting that the Supreme Court has never expressly addressed whether damages for a speedy trial violation are available in a civil case under 42 U.S.C. § 1983) (citing *Barker v. Wingo*, 407 U.S. 514, 522-23 (1972)).

4

Date: 1/28/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

David Roy Slate
#5606
Floyd County Jail
311 Hauss Square City County Building
P.O. Box 1406
New Albany, IN 47150